IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORERS' DISTRICT COUNCIL | : | CIVIL ACTION |
| OF THE METROPOLITAN AREA | : | |
| OF PHILADELPHIA AND VICINITY, | : | NO. 08-00244 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF TRUSTEES OF LABORERS' | : | |
| INDUSTRIAL PENSION FUND OF | : | |
| PHILADELPHIA, PA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                      June 5, 2008

### I.  Introduction

Before the court is Defendant Board of Trustees of Laborers' Industrial Pension Fund of

Philadelphia, PA's Motion to Dismiss Plaintiff Laborers' District Council of the Metropolitan

Area of Philadelphia and Vicinity's Amended Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Plaintiff's claims arise from an Amended and Restated Agreement and

Declaration of Trust dated October 16, 2007, from which Plaintiff claims Defendant unlawfully

removed Plaintiff as Settlor of a previous irrevocable trust agreement without Plaintiff's notice,

consent, or authority.  (Am. Compl. ¶¶ 6-7, 19.)  Plaintiff brings suit against Defendant for: (1)

breach of fiduciary duty in violation of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1104(a)(1)(D); (2) *ultra vires* act; and (3) violation of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

Defendant's Motion to Dismiss is GRANTED for the reasons that follow.  First, Plaintiff

1

fails to state a breach of fiduciary duty claim because the power to amend was specifically vested

with the Trustees, and not the Settlor, through non-ambiguous language in the Trust Agreement.

Defendant's action of amending the Trust document in 2007 was not a fiduciary act, but rather

settlor conduct, as a matter of law.  Second, Plaintiff's claim that Defendant's removal of

Plaintiff was an *ultra vires* act fails for the same reasons that Plaintiff's breach of fiduciary duty

claim fails.  Lastly, Plaintiff fails to state a claim under the LMRA.  This court does not have

jurisdiction under the LMRA to regulate fund administration, including fund amendment

procedures.


## II.  Factual and Procedural Background

In considering Defendant's motion to dismiss, the court accepts all of Plaintiff's

allegations as true and draws all reasonable inferences therefrom in its favor.  See Jenkins v.

McKeithen, 395 U.S. 411, 421 (1969); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d

Cir. 2008).  The following assertions of fact are derived from the Amended Complaint.[1]

Plaintiff avers that it is an unincorporated labor organization engaged in representing

employees for the purpose of collective bargaining.  (Am. Compl. ¶ 4.)  Although not in its

---

[1]  Plaintiff objects to several of Defendant's exhibits as being outside the scope of
consideration of a motion to dismiss.  Plaintiff objects to Defendant's Exhibit D (the 1962 Trust
Agreement) and Exhibit E (the 1984 Amended Trust Agreement), as well as the affidavit of
Robert J. McGinn, the administrator of Defendant Fund.  (See Def.'s Mem. of Law in Supp. of
its Mot. to Dismiss ("Def.'s Mem."), Exs. D & E.)  The court addresses Plaintiff's claims
without considering any of the aforementioned documents.  The court therefore does not reach
whether these documents are outside the scope of consideration for this procedural posture.
Plaintiff also objects to Exhibits B (Plaintiff's Motion to Preliminary Injunction and/or
Temporary Restraining Order) and C (the court's Order by Stipulation withdrawing said motion).
These documents are of record, and the court considers them for procedural purposes.  They are
irrelevant to the court's consideration of the merits.

Amended Complaint, Plaintiff in its Response explains that it is an affiliate of the Laborers'

International Union of North America and is comprised of four local unions, including Laborers'

Local Union 57.  (Pl.'s Resp. to Def.'s Mot. to Dismiss Compl. (hereinafter "Pl.'s Mem.") 1.)

Plaintiff claims that Defendant is a trust fund established and maintained pursuant to

Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5)[2] and is an employee benefit plan

established and maintained pursuant to Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1) &

---

[2]  Section 302(c)(5) of the LMRA permits the establishment of trust funds, providing:
(5) with respect to money or other thing of value paid to a trust fund established
by such representative, for the sole and exclusive benefit of the employees of such
employer, and their families and dependents (or of such employees, families, and
dependents jointly with the employees of other employers making similar
payments, and their families and dependents): Provided, That (A) such payments
are held in trust for the purpose of paying, either from principal or income or both,
for the benefit of employees, their families and dependents, for medical or
hospital care, pensions on retirement or death of employees, compensation for
injuries or illness resulting from occupational activity or insurance to provide any
of the foregoing, or unemployment benefits or life insurance, disability and
sickness insurance, or accident insurance; (B) the detailed basis on which such
payments are to be made is specified in a written agreement with the employer,
and employees and employers are equally represented in the administration of
such fund, together with such neutral persons as the representatives of the
employers and the representatives of employees may agree upon and in the event
the employer and employee groups deadlock on the administration of such fund
and there are no neutral persons empowered to break such deadlock, such
agreement provides that the two groups shall agree on an impartial umpire to
decide such dispute, or in event of their failure to agree within a reasonable length
of time, an impartial umpire to decide such dispute shall, on petition of either
group, be appointed by the district court of the United States for the district where
the trust fund has its principal office, and shall also contain provisions for an
annual audit of the trust fund, a statement of the results of which shall be available
for inspection by interested persons at the principal office of the trust fund and at
such other places as may be designated in such written agreement; and (C) such
payments as are intended to be used for the purpose of providing pensions or
annuities for employees are made to a separate trust which provides that the funds
held therein cannot be used for any purpose other than paying such pensions or
annuities.
29 U.S.C. § 186(c)(5).

(3),[3] for the purpose of providing pension and retirement benefits to eligible participants.  (Am. Compl. ¶ 5.)  Plaintiff alleges it has participants in the Laborers' District Council Industrial Pension Fund through participation agreements and collective bargaining agreements.  (Am. Compl. ¶ 24.)

On June 19, 1990, an Amended and Restated Agreement and Declaration of Trust of the Laborers' District Council Industrial Pension Fund (hereinafter "1990 Amended Trust Agreement") was created by and on behalf of all contributing employers to the Laborer's District Council Industrial Pension Fund and Plaintiff, its affiliated local unions, and other affiliated entities.  (Am. Compl. ¶¶ 9-10, Ex. A.)  The definitions section of the 1990 Amended Trust Agreement named the "Fund" as the Laborers' District Council Industrial Pension Fund and the "Union" as Plaintiff or any of its affiliated local unions, and makes reference to ERISA.  (Am. Compl. ¶¶ 11-13, Ex. A at Art. I, ¶¶ 1, 3, 10.)

Plaintiff claims that the 1990 Amended Trust Agreement does not authorize Trustees to

---

[3]  These subsections of ERISA's definitions section provide:
(1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 USCS § 186(c)] (other than pensions on retirement or death, and insurance to provide such pensions).
. . .
(3) The term "employee benefit plan" or "plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.
29 U.S.C. §§ 1002(1) & (3).

remove Plaintiff as the Settlor.  (Am. Compl. ¶ 15.)  However, the 1990 Amended Trust

Agreement gave the Trustees the power "to amend the Fund provided that the amendments

comply with the purpose specified herein, and further provided that any amendments to the Fund

shall be signed by the Trustees as part of the records and meetings of the Trustees."  (Am.

Compl., Ex. A at Art. IV, ¶ 1(p).)  The 1990 Amended Trust Agreement further provides that

"[t]he provisions of the Agreement and Declaration of Trust *may be amended by an instrument in*

*writing executed by and between the Trustees*, provided, however, that no amendment shall

divert the assets of the Fund from the purpose specified herein or shall contravene applicable

law."  (Am. Compl., Ex. A at Art. VII, ¶ 1 (emphasis added).)

On October 16, 2007, an Amended and Restated Agreement and Declaration of Trust of

Laborers' Industrial Pension Fund of Philadelphia, PA ("2007 Amended Trust Agreement") was

created by and on behalf of all contributing employers to the Laborers' Industrial Pension Fund

of Philadelphia, PA and the Laborers' International Union of North America Local 57

(hereinafter "Local 57").  (Am. Compl. ¶¶ 16-17, Ex. B.)  Plaintiff did not execute the 2007

Amended Trust Agreement.  (Am. Compl. ¶ 23.)

Plaintiff claims that, without Plaintiff's notice, consent, or authority, the 2007 Amended

Trust Agreement changed the name of the "Fund" by adding "of Philadelphia, PA" and changed

the definition of "Union" from Plaintiff to Local 57.  (Am. Compl. ¶¶ 7, 18-19, Ex. B at Art. I, ¶¶

1, 3.)  Plaintiff further claims that the 2007 Amended Trust Agreement modified the process for

removing trustees and successor trustees, permitting only Local 57 to appoint a Union Trustee in

the event a Union Trustee resigns.  (Am. Compl. ¶¶ 20, Ex. B at Art. III, ¶ 3.)  Plaintiff also

claims that the 2007 Amended Trust Agreement modifies Article IV to permit Trustees to

construe provisions of collective bargaining agreements.  (Am. Compl. ¶ 22, Ex. B at Art. IV, ¶¶ 1(s) & (t).)  Plaintiff claims that Defendant has failed to abide by and has intentionally violated the 1990 Amended Trust Agreement.  (Am. Compl. ¶ 8.)

Plaintiff brings three counts against Defendant.  In Count I, Plaintiff claims Defendant breached its fiduciary duty by amending the 1990 Amended Trust Agreement and removing Plaintiff as Settlor without Plaintiff's notice, consent, or authority, and violated ERISA, 29 U.S.C. § 1104(a)(1)(D)[4] by violating the terms of the 1990 Amended Trust Agreement.  (Am. Compl. ¶¶ 26-30.)

In Count II, Plaintiff charges that Defendant's creation of the 2007 Amended Trust Agreement was an *ultra vires* act, rendering the agreement unenforceable.  (Am. Compl. ¶¶ 32-33.)

In Count III, Plaintiff asserts that Defendant violated the LMRA because the 2007 Amended Trust Agreement is void and trustees have no authority to administer a void trust or a trust created in violation of 29 U.S.C. § 186, et seq.  (Am. Compl. ¶¶ 35-37.)  Plaintiff seeks a court order enjoining the administration of and rescinding the 2007 Amended Trust Agreement, as well as damages, attorney's fees and costs, and other relief the court may deem appropriate.  (Am. Compl. 6-7.)

---

[4]  This ERISA provision states:
(a) Prudent man standard of care.  (1) Subject to sections 403(c) and (d), 4042, and 4044 [29 USCS §§ 1103(c), (d), 1342, 1344], a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and– . . . (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.
29 U.S.C. § 1104(a)(1)(D).

On January 14, 2008, Plaintiff filed a complaint in this action, along with a motion for preliminary injunction and/or temporary restraining order.  On February 6, 2008, Plaintiff stipulated to the withdrawal of its motion for preliminary injunction and/or temporary restraining order.  On March 13, 2008, Plaintiff filed its First Amended Complaint.

On April 2, 2008, Defendant filed its Second Amended Motion to Dismiss.  On April 14, 2008, the court denied Defendant's initial motion to dismiss and first amended motion to dismiss as moot and declared that only Defendant's Second Amended Motion to Dismiss remained before the court's consideration.

A response to Defendant's Second Amended Motion to Dismiss was due on April 16, 2008, fourteen days following April 2, 2008.  See E.D. Pa. R. 7.1(c) (requiring that a response in opposition to a motion be served within fourteen days after service of the motion, unless otherwise agreed to by the parties or directed by the court, and stating that "[i]n the absence of a timely response, the motion may be granted as unopposed").  Plaintiff's response was filed on May 2, 2008, without leave of court or stipulation by the parties.  The court, in the exercise of its discretion, will consider Plaintiff's Response because the issues have been fully briefed and argued, and consideration of Plaintiff's Response does not prejudice Defendant.  See United States v. Eleven Vehicles, 200 F.3d 203, 214-15 (3d Cir. 2000) (holding that "it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule" but that "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment").

On May 9, 2008, Defendant filed a motion for leave to reply, which the court granted on May 15, 2008, ordering that the Reply be docketed as of its filing date.  On May 23, 2008, Plaintiff filed a Surreply, which, on May 27, 2008, the court permitted even though Plaintiff did not seek leave of court to file a surreply.  On June 3, 2008, oral argument was held on Defendant's motion to dismiss.

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### III.  Legal Standard for Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)); see id. at 231 (stating that Twombly does not undermine the principle that the court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 127 S. Ct. at 1965).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. (quoting Twombly, 127 S. Ct. at 1965); see Wilkerson v. New Media Tech. Charter Sch., Inc.,

No. 07-1305, 2008 U.S. App. LEXIS 7526, at *13 (3d Cir. Apr. 9, 2008) (following Phillips). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965) (quotations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), a court may properly consider the factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputedly authentic documents attached as exhibits to the defendant's motion to dismiss if the plaintiff's claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).


## IV.  Discussion

**A.     Plaintiff Fails to State a Claim for Breach of Fiduciary Duty.**

**1.     Plaintiff Is Bound by the Amendment Procedures Specified in the Trust Agreement.**

Defendant argues that Plaintiff fails to state a claim for breach of fiduciary duty because the 1990 Amended Trust Agreement specifically vested power to amend with the Trustees, and not the Settlor.  The parties do not dispute that common law breaches of fiduciary duty claims are preempted by ERISA.  (Def.'s Mem. 8; Pl.'s Mem. 8.)

"To state a claim for fiduciary duty under ERISA, a plaintiff must allege that the defendant undertook the challenged actions in a fiduciary capacity, and that the action taken constituted a breach of that duty." Saxton v. Cent. Pa. Teamsters Pension Fund, No. 02-cv-986,

2003 U.S. Dist. LEXIS 23983, at *16-17 (E.D. Pa. 2003) (citing 29 U.S.C. §§ 1109(a), 1132(a)(3)).  ERISA provides that "a person is a fiduciary with respect to a plan to the extent . . . he exercises any discretional authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets."  29 U.S.C. § 1002(21)(A)(1).  An ERISA fiduciary must exercise within the defined domain "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use."  29 U.S.C. §§ 1104(a)(1)(B).  The fiduciary must act "solely in the interest of the participants and beneficiaries," and discharge its duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."  29 U.S.C. §§ 1104(a)(1)(A), (D).

"Employers or other plan sponsors are generally free under ERISA, for *any reason* at *any time*, to adopt, modify, or terminate welfare plans."  <u>Curtiss-Wright Corp. v. Schoonejongen</u>, 514 U.S. 73, 78 (1995) (emphasis added).  Section 402(b)(3) of ERISA requires that every employee benefit plan provide (1) "a procedure for amending the plan" and (2) "a procedure for identifying the persons who have authority to amend the plan."  <u>Id.</u> (quotations and alterations omitted).  Once these minimal requirements are met, "ERISA follows standard trust principles in dictating only that whatever level of specificity a company ultimately chooses, in an amendment procedure or elsewhere, *it is bound to that level*."  <u>Id.</u> at 85 (emphasis added).

In support of its argument, Defendant relies on <u>Saxton v. Central Pennsylvania Teamsters Pension Fund</u>, No. 02-cv-986, 2003 U.S. Dist. LEXIS 23983 (E.D. Pa. 2003).  Plaintiffs in <u>Saxton</u> claimed in part that the defendant fund, trustees, and administrator had breached their

fiduciary duties by amending a trust agreement "to arrogate to themselves broad powers to act as settlors in amending the Trust Agreement" without the allegedly required signature of the settlors.  Id. at *1, 18-19.  Under the applicable trust agreement language, the court found that the defendant would need the signature of the settlors only if the amendment being adopted impacted the rights or obligations of the settlors, as required by that trust agreement.  Saxton, 2003 U.S. Dist. LEXIS 23983, at *21.  Because plaintiffs failed to allege that the contested amendment affected the rights of settlors, and thus failed to allege that "defendant neglected to administer the plan in accordance with its terms," the court dismissed plaintiffs' breach of fiduciary duty claim. Id. at *22.

This court agrees that, as in Saxton, Plaintiff is bound by the level of specificity regarding amendment in the trust agreement, which specifies that the Trustees, and not the Settlors, have the power to amend.  See Curtiss-Wright, 514 U.S. at 84.  Plaintiff's main argument in support of its breach of fiduciary duty claim appears to be as follows:

> To permit trustees to remove settlors at will would create such capriciousness and arbitrariness that the fundamental criteria of ERISA would not be consistent with its duties to the exclusive benefit of plan participants and beneficiaries.  Trustees could determine at any time a lack of interest in having either Employer Settlor's [sic] or Employee Settlor's [sic] and whimsically strike them from the trust. . . . Clearly, the action in removing the Settlor goes beyond the power to amend and is tantamount to a revocation of the trust agreement. . . . [Defendant's] action . . . falls outside the authority set forth in the trust agreement.

(Pl.'s Mem. 6-7.)  Plaintiff offers no legal support for its contentions which cannot be reconciled with the precedent in Curtiss-Wright, 514 U.S. at 78-85, and Saxton, 2003 U.S. Dist. LEXIS 23983, at *21-22.  Plaintiff also argues that the "express language of the trust agreement does not authorize trustees to remove the maker and/or settlor of the trust agreement."  (Pl.'s Mem. 3; see

11

Pl.'s Surreply 6.)  At the same time, Plaintiff makes vague arguments, relying on the Second Restatement of Trusts, that "the intent of the settlor must be recognized as controlling."  (Pl. Surreply 6-7, 9.)  Plaintiff ignores that the Trustees had broad amendment powers, and that the Settlor had no power to amend.  Given the Trustees' broad amendment power, specific language in the trust authorizing the removal of the Settlor is not required.

Plaintiff argues that <u>Saxton</u> is distinguishable.  It argues that <u>Saxton</u> stands for the proposition that amendment to a trust agreement may not affect "the rights and obligations of settlors," and alleges that the contested amendment here affects the rights and obligations of Plaintiff as Settlor.  (Pl.'s Mem. 12.)  The <u>Saxton</u> court, however, construed language in the trust agreement at issue there, which required the signature of the settlors only if the amendment being adopted impacted "the rights or obligations of the settlors," and found that plaintiffs failed to allege such.  <u>Saxton</u>, 2003 U.S. Dist. LEXIS 23983, at *21-22.  That is not the trust agreement language before this court.  This court is faced with the 1990 Amended Trust Agreement language that the Trustees have the broad right to amend so long as "no amendment shall divert the assets of the Fund from the purpose specified herein or shall contravene applicable law," (Am. Compl., Ex. A at Art. VII, ¶ 1), and "the amendments comply with the purpose specified herein" (Am. Compl., Ex. A at Art. IV, ¶ 1(p)).  Plaintiff and the court are bound by the specific words of the 1990 Amended Trust Agreement.  <u>See</u> <u>Curtiss-Wright</u>, 514 U.S. at 84; <u>Saxton</u>, 2003 U.S. Dist. LEXIS 23983, at *21-22.

Addressing the applicable trust agreement language, Plaintiff urges that Defendant "created a new trust and diverted all the assets of the trust to the new trust."  (Pl. Surreply 7.)  Plaintiff argues that as a consequence of Plaintiff's removal as Settlor, the Fund is in the hands of

12

Union Trustees not of Plaintiff's choosing, which constitutes a diversion of funds.  Plaintiff's

Amended Complaint, however, contains no such allegation.  There is no allegation in the

Amended Complaint that the fiscal integrity of the Fund has been affected in any way.

Moreover, Plaintiff does not appear to have any factual basis to allege in good faith that there has

been a diversion of funds.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

("'[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to

suggest' the required element." (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965

(2007))).  Furthermore, Plaintiff fails to cite any applicable law that has been violated.

Plaintiff's Amended Complaint fails to allege that the amendment actually diverted the

assets of the Fund, contravened applicable law, or failed to comply with the purpose of the 1990

Amended Trust Agreement.  Plaintiff thus has failed to allege the conditions to amendment

contained in the 1990 Amended Trust Agreement.  Absent allegations that the conditions to

amendment have been contravened, Plaintiff is bound by the Trustee's broad amendment power,

as specified in the Trust Agreement, and the exercise thereof.  Therefore, Plaintiff's breach of

fiduciary duty claim fails as a matter of law.

### 2.    Defendant Argues that Its Conduct in Amending the Trust Agreement was that of a Settlor, not a Fiduciary.

Defendant argues that there was no breach of fiduciary duty, not only because Defendant

administered the trust agreement in accordance with its terms, but also because Defendant did not

act as a fiduciary by adopting the 2007 Amended Trust Agreement.  The general rule[5] is that

---

[5] There had been some debate as to whether a distinction should be made in the application of this rule in single-employer versus multiple-employer context, see, e.g., Fuchs v.

13

when an employer amends an employee benefit pension or welfare plan, it acts as a settlor and,

therefore, "as long as an amendment does not violate a specific provision of ERISA, 'the act of

amending a pension plan does not trigger ERISA's fiduciary provisions.'"  Bennett v. CONRAIL

Matched Sav. Plan Admin. Comm., 168 F.3d 671, 679 (3d Cir.) (quoting Hughes Aircraft Co. v.

Jacobson, 525 U.S. 432, 444 (1999)), cert. denied, 528 U.S. 871 (1999); see Lockheed Corp. v.

Spink, 517 U.S. 882, 890 (1996) (holding that when employers amend employee benefit plans,

"they do not act as fiduciaries, but are analogous to the settlors of a trust"); Leuthner v. Blue

Cross & Blue Shield of Northeastern Pa., 454 F.3d 120, 127 (3d Cir. 2006) ("The amendment of

an ERISA plan is not a fiduciary act governed by ERISA."); see also Wachtel v. Health Net, Inc.,

482 F.3d 225, 235-234 (3d Cir. 2007) ("[C]ourts distinguish between fiduciary acts and settlor

acts, the former being discretionary acts of plan administration and the latter involving the

adoption, modification, or termination of an employee benefit plan.").

        This rule has been applied in the multiple-employer context and is not limited to single-

employers, as ERISA makes no such distinction.  In Saxton, another of plaintiffs' claims was that

defendants violated their fiduciary duties under ERISA by adopting amendments that severely

reduced plaintiffs' accrued benefits and the accrual of future benefits.  Saxton, 2003 U.S. Dist.

LEXIS 23983, at *23.  Applying this rule to a multiple-employer plan involving a finite asset

pool and following a plain reading of the statute, the Saxton court reasoned that "under any

plausible reading of the term ['fiduciary' set forth in ERISA], a plan sponsor's amendments to

---

Allen, 363 F. Supp. 2d 407, 414-17 (N.D.N.Y. 2005) (describing the evolution of cases on the
issue); Saxton, 2003 U.S. Dist. LEXIS 23983, at *24-34, but for reasons discussed, infra, that
debate seems to have been put to rest by a universally accepted construction of the ERISA
statute.

ERISA governed plans do not fall within its purview." Id. at *32; see Hartline v. Sheet Metal Workers' Nat'l Pension Fund, 134 F. Supp. 2d 1, 1-13 (D.D.C. 2002) ("[T]rustees, such as the Trustee defendants here, do not engage in a fiduciary function when they design or amend a pension plan, whether or not it is a multi-employer plan."); cf. Walling v. Brady, 125 F.3d 114, 117-18 (3d Cir. 1997) (holding, pre-Hughes, 525 U.S. 432, and Spink, 517 U.S. 882, that "the simple fact that the plan at issue is a multi-employer plan is insufficient to cause the fiduciary duty to attach to the Trustees' actions," although intimating that it may attach in certain multi-employer contexts).  Thus, the court found that the plaintiffs' breach of fiduciary duty claims were precluded because defendants' promulgation of the amendments at issue constituted settlor conduct and not fiduciary conduct.  Saxton, 2003 U.S. Dist. LEXIS 23983, at *33-34.

Defendant also points to Fuchs v. Allen, 363 F. Supp. 2d 407 (N.D.N.Y. 2005).  That case also involved a multi-employer plan. Id. at 414.  The plaintiffs alleged that defendants breached their fiduciary duties by amending the trust documents, including changing the definition of "Union." Id. at 411-13.  The court concluded that, even where the Second Circuit made some distinction between single and multiple-employer plans, an amendment cannot be a fiduciary act if the fund is not financially impacted by the amendment. Id. at 416-17.  Because plaintiffs failed to allege that the amendments impacted the "financial integrity or stability of the Funds," they could not maintain their breach of fiduciary duty claim. Id. at 417.  Plaintiff here does not allege that the Fund is not financially stable.  (Pl.'s Mem. 12.)

Plaintiff counters only that Fuchs should be distinguished on its facts because that case involved "a consolidation of unions into one Local" and "the removal of a trustee," whereas the present case involves a removal of the Settlor.  (Pl.'s Mem. 12.)  However, these differences in

facts do not affect the applicable principles of law.

In addition, Plaintiff argues that Defendant is a fiduciary under ERISA for all purposes because it exercises control over the fund assets.  (Pl.'s Mem. 8-9 (citing <u>Smith v. Provident Bank</u>, 170 F.3d 609, 613 (6th Cir. 1990)); Pl.'s Surreply 8.)  Plaintiff's argument is off the mark. At issue is not whether the Trustees were fiduciaries but whether the action of amending the Trust document in 2007 constituted a fiduciary act.

Plaintiff's breach of fiduciary duty claim fails as a matter of law because Defendant did not act as a fiduciary, and rather acted as a settlor, by adopting the 2007 Amended Trust Agreement and not affecting the integrity of the funds in the Trust.  <u>See</u> <u>Saxton</u>, 2003 U.S. Dist. LEXIS 23983, at *33-34.   Because the court finds that Plaintiff has failed to state a claim for breach of fiduciary duty, it does not reach Defendant's argument that Plaintiff's claims are barred by the doctrine of unclean hands.

**B.      The Trustees Did Not Engage in an *Ultra Vires* Act.**

"An ultra vires act is one which is impermissible as beyond the power or capacity of the entity in question."  <u>Hollar v. Gov't of Virgin Islands</u>, 857 F.2d 163, 169 (3d Cir. 1988). Consistent with the court's holding above, the 1990 Amended Trust Agreement gave the Trustees the express authority to amend the trust agreement, the Trustees were not limited in their authority to amend by any reservation of rights by Settlors, and Plaintiff has not alleged that Defendant violated any of the conditions to amendment contained in the agreement.  Therefore, Plaintiff fails to state a claim for an *ultra vires* act.

C.      **Plaintiff Fails to State a Claim under the LMRA.**

Plaintiff alleges that Defendant administered "a void trust or a trust in violation of" the LMRA, 29 U.S.C. § 186, et seq., by adopting the 2007 Amended Trust Agreement.  Plaintiff argues that it and its plan participants and beneficiaries "are placed in a posture of determining whether they are desirous of participating in a pension fund under terms and conditions mandated by one Local Union where the bargaining rights of the employees stem directly from collective bargaining agreements negotiated any [sic] protected by Plaintiff" and that "Congress has given courts authority to restrain such violations under Section 302(e) of the LMRA."  (Pl.'s Mem. 8.)  Defendant counters that this court does not have jurisdiction over Plaintiff's LMRA claim.

In Local 144 Nursing Home Pension Fund v. Demisay, 508 U.S. 581, 588 (1993), the U.S. Supreme Court held that § 302(e) of the LMRA, which provides jurisdiction to restrain violations of § 302, "does not provide authority for a federal court to issue injunctions against a trust fund or its trustees requiring trust funds to be administered in the manner described in § 302(c)(5)."  The Court held that courts only have jurisdiction when the substantive restrictions in §§ 302(a) and (b), regarding the making or receipt of payments to a non-qualifying trust, are violated, but "*not* when funds are administered by the trust fund."  Id. at 588, 590 (emphasis added).  Any violation of § 302(c)(5), which appears to be complained of here, (see Am. Compl. ¶¶ 5, 35-37), is not a violation of § 302, but rather may be a breach of contractual or fiduciary duty.  See Demisay, 508 U.S. at 588-89.

The district court of the Northern District of New York in Fuchs addressed a similar issue.  363 F. Supp. 2d at 419-20.  In Fuchs, amendments to the trust agreement at issue included changing the definition of "Union" to include Local 1, which was given the power to name a

Union Trustee.  Id. at 412.  Plaintiff argued that Local 1's named Union Trustee was not a legitimate representative and § 302(c)(5)'s requirement that employers and employees be equally represented in the administration of the fund was violated.  Id. at 420.  Plaintiff sought to invoke the court's injunctive powers under § 302(e) to prevent "the putting in place and/or giving effect to the amendments to the Trust agreements that make receipt of the Local 1 funds possible."  Id.  Following the Supreme Court in Demisay, the Fuchs court held that it did not have jurisdiction to grant such relief because it would entail impermissible "federal court oversight of fund amendment procedures to ensure compliance with § 302(c)(5)."  Id.  The court concluded: "Jurisdiction cannot be exercised under § 302(e) to regulate fund administration in the manner described in § 302(c)(5) or to avoid application of a substantively offensive amendment."  Id.; see Saxton, 2003 U.S. Dist. LEXIS 23983, at *86-88 (holding that Plaintiffs' claim contesting defendant trustees and administrator's administration of the Fund's assets under the fiduciary duty provisions of ERISA could not be properly brought under §§ 302(b) and (c)(5) of the LMRA pursuant to the rule in Demisay).

Plaintiff offers no substantive response to Defendant's argument and simply restates its position without legal support.  (Pl.'s Mem. 14.)  Plaintiff's attempt to reframe the issue as "whether the new trust prohibits employees in the free exercise of their bargaining rights in violation of Section 302(e)" and § 302(c)(5), (Pl.'s Surreply 9), is totally unavailing.  The "lack of representation" argument, (Pl.'s Surreply 10), was squarely addressed in Fuchs and was rejected.  This court concludes that it lacks jurisdiction under § 302(e) to ensure that fund amendment procedures comply with § 302(c)(5).  Such would constitute impermissible fund administration.  Therefore, Plaintiff's claim under the LMRA fails.

18

## V.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted.  An Order follows.